IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURA A. YINGST, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 18 4558 |
| v. | : | |
| | : | |
| COATESVILLE HOSPITAL | : | |
| COMPANY, LLC d/b/a | : | |
| BRANDYWINE HOSPITAL, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |
| | : | |

**COMPLAINT**

FILED
OCT 23 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

INTRODUCTION

Plaintiff, Laura A. Yingst ("Plaintiff" or "Ms. Yingst"), by and through her counsel, files this Complaint and asserts claims of disability discrimination against her former employer, Coatesville Hospital Company, LLC d/b/a Brandywine Hospital ("Defendant" or "Brandywine Hospital"). In July 2014, Laura Yingst discovered she had breast cancer. At the time, Ms. Yingst had worked for Brandywine Hospital for more than 25 years, and was assigned to the recovery room as a per diem registered nurse. By the Spring of 2016, after treatment and multiple surgeries, Ms. Yingst was cancer free and seeking a return to regular nursing position.

Rather than welcome a long-service colleague back into a regular position, the Hospital's nursing supervisor refused to hire Ms. Yingst into an open full-time regular position because she had "missed too much" time during her breast cancer treatment. Later, Brandywine Hospital's Human Resources Department ignore Ms. Yingst's multiple internal complaints of disability

discrimination and helped to facilitate the rejection of her applications for two part-time regular positions.

At the same time Brandywine Hospital was pushing out a long-service, highly qualified registered nurse because of her breast cancer diagnosis and treatment, the Hospital was holding itself out to the community as a center of excellence for the treatment of breast cancer, having spent $1 million on a new Women's Imaging Center. This lawsuit seeks to hold Brandywine Hospital fully accountable for its illegal conduct.

### PARTIES, JURISDICTION AND VENUE

1. Laura Yingst is an adult individual whose residence is Downingtown, Pennsylvania.

2. Defendant, Brandywine Hospital, operates as a community healthcare provider, and is located at 201 Reeceville Road, Coatesville, Pennsylvania.

3. Brandywine Hospital is in the business of inpatient, outpatient, medical and surgical, diagnostic and emergency care.

4. At all times relevant to this Complaint, Ms. Yingst was employed by Brandywine Hospital as a Registered Nurse.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

6. This action is authorized and instituted pursuant to the Americans with Disabilities Act, 42 U.S. C §§ 12112, 12117, and 12203.

7. This Court has supplemental jurisdiction over Ms. Yingst's claims under the Pennsylvania Human Relations Act, 43 P.S. §§ 955(a) and (d), pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

8. At all times relevant to this Complaint, Ms. Yingst was an "employee" of Brandywine Hospital as defined in the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq.

9. At all times relevant to this Complaint, Brandywine Hospital was Ms. Yingst's "employer" as defined in the ADA, 42 U.S.C. § 12111, and the PHRA, 43 P.S. § 954.

10. Ms. Yingst has adequately exhausted her administrative remedies under the ADA and the PHRA. Specifically, Ms. Yingst filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), on November 8, 2016, alleging disability discrimination and retaliation.

11. Ms. Yingst received a Notice of Right to Sue from the EEOC on September 12, 2018. More than one year has elapsed since the filing of Ms. Yingst's complaint with the PHRC.

12. This case is not subject to compulsory arbitration because Plaintiff seeks injunctive relief and the amount in controversy exceeds the jurisdictional amount for arbitration of One Hundred Fifty Thousand Dollars ($150,000), exclusive of interest and costs.

13. Venue is properly invoked pursuant to 29 U.S.C. § 1391(b) because the actions complained of herein occurred within the jurisdictional limit of this Court.

## STATEMENT OF FACTS

### Yingst's Employment History at Brandywine

14. Ms. Yingst earned her Bachelors of Science from Villanova University in 1987.

15. In November 1987, more than 30 years ago, Ms. Yingst started work at Brandywine Hospital as a full-time registered nurse in the intensive care unit (ICU).

16. In October 1992, Ms. Yingst continued her full-time status, but transferred to the Post Anesthesia Care Unit/Recovery Room (PACU).

17. In November 1995, Ms. Yingst moved to Michigan to attend to family issues, and resigned her employment at Brandywine Hospital.

18. When Ms. Yingst returned to the area in September 1996, there were no RN positions available in the PACU. Ms. Yingst returned to work at Brandywine Hospital as a per diem RN in the ICU.

19. In February 2012, Ms. Yingst again transferred to the PACU, this time as a per diem RN.

20. Per diem nurses do not have "regular" schedules, and their hours are subject to being cancelled at the last minute, which may result in sporadic earnings.

Yingst's Breast Cancer Diagnosis and Treatment

21. In July 2014, Ms. Yingst received a diagnosis of ductal carcinoma in situ (breast cancer).

22. In 2014 and 2015, Ms. Yingst was treated for breast cancer through surgeries, including a lumpectomy, bilateral mastectomies, and reconstructive breast implant surgeries.

23. In 2014, Ms. Yingst was unavailable to work during the following periods of time as a result of her disability: between September 22 and October 8; and between November 24 and December 31.

24. In 2015, Ms. Yingst was unavailable to work during the following periods of time as a result of her disability: between January 1 and February 26; between September 17 and October 7; between November 30, and December 2; and between December 10 and December 14.

25. Ms. Yingst was cancer free in 2015, although she was unable to work during 2016 for medical treatment of complications from her surgeries between April 28 and May 3, and between August 25 and September 8.

Yingst's Efforts to Obtain Regular Employment

26. In late Spring 2015, Justine Murphy, Brandywine Hospital's Director of Surgical Services, mentioned in a staff meeting that she was trying to get approval to hire another regular part-time registered nurse in the PACU. Ms. Yingst told Ms. Murphy that she was very interested in that opportunity.

27. Following her diagnosis and treatment for breast cancer, Ms. Yingst was interested in any part-time or full-time nursing position to earn more money and have a more consistent schedule. However, no new regular positions were approved.

28. Since no regular positions at Brandywine Hospital were open, Ms. Yingst explored other external opportunities. However, Ms. Yingst's preference was to stay with her long-time (close to 30-year) employer.

29. In May 2016, two full-time nurses in the PACU, Denise Ricken and Kathleen Baier, announced that they would be leaving their employment at Brandywine Hospital in July 2016.

30. Shortly thereafter, Brandywine Hospital posted one regular full-time and two regular part-time nursing positions in the PACU.

31. Ms. Yingst submitted an application for the positions, and recalls applying for any open regular position in the PACU.

32. On May 31, 2016, Ms. Yingst received confirmation that her application had been received for the position of Registered Nurse – PACU.

Brandywine's Discriminatory Refusal to Hire Yingst for Regular Full Time RN Position

33. In June 2016, Ms. Yingst learned that Brandywine had hired Michael Sheridan, a nurse who had been working in the ICU, for the full-time positon in the PACU when she happened to see his name on the weekly schedule.

34. Since she knew Ms. Murphy would have made the hiring decision, Ms. Yingst went to her office and asked why she had hired Mr. Sheridan when she knew Ms. Yingst was interested in the position.

35. Ms. Murphy responded: "I didn't give the job to you because you have missed too much time over the last two years."

36. Ms. Yingst was shocked by Ms. Murphy's response, so she asked her: "You mean because I had cancer and reconstruction complications, you are not giving me the job?" Ms. Murphy did not respond.

Brandywine's Failure to Respond to Yingst's Internal Discrimination Complaint

37. A few days after her conversation with Ms. Murphy, Ms. Yingst contacted Brandywine Hospital's Human Resources Department. Since no one was available, Ms. Yingst left a voicemail message asking to speak to someone because Ms. Murphy had refused to hire her because she missed time due to breast cancer.

38. Ms. Yingst did not get a response to her voicemail to the Human Resources Department. She called at least two more times, and never received a call back.

39. Ms. Yingst then went to the Human Resources Department in person and spoke to Dina Criniti, Human Resources Manager, about her concerns. Ms. Criniti said words to the effect that Ms. Yingst "had rights" but that she needed to speak to Kelly Besack, the Human Resources Director, who was not available that day.

40. Ms. Yingst later called Ms. Besack directly and left a detailed voice message about her concerns and all her contact information. Despite her best efforts, Ms. Yingst was unable to connect directly with Ms. Besack.

41. At one point, Ms. Yingst again spoke to Ms. Criniti by phone, who told her that they were "reviewing" her "attendance records."

42. Ms. Yingst never received any additional communications or assistance from Brandywine Hospital's Human Resources staff in connection with her internal complaint of disability discrimination.

Brandywine Hospital's Continued Discriminatory and Retaliatory Failure to Hire Yingst

43. On July 13, 2016 at approximately 10:00 pm, Ms. Yingst received a text message from Ms. Murphy advising her that she would be having a group interview the next morning.

44. During Ms. Yingst's shift on July 14, 2016, Ms. Murphy "interviewed" her for the open regular part-time positions in the PACU. Teresa Depersia, the Charge Nurse, Lisa Colby, a PACU nurse who had been out of work due to an injury since late January, and Denise Ricken, one of the PACU nurses who had resigned, also participated in the interview.

45. Even though Ms. Yingst had worked closely with these nurses for many years in the PACU as a per diem nurse, the interviewers asked basic questions as if they did not know her or know her work, such as "If you were part of the PACU team, what could you bring to the team?"

46. On July 22, 2016, Ms. Murphy asked Ms. Yingst to come to her office, where she met with Ms. Murphy and Ms. Depersia. Ms. Murphy told Ms. Yingst that she did not get either of the available positions in the PACU. During the meeting, Ms. Murphy refused to answer Ms.

Yingst's questions about why she was not selected for the open positions, although she acknowledged Ms. Yingst was "very experienced" and had "great skills."

47. Brandywine Hospital hired Denise Childs, an external hire, for one of the open jobs. Ms. Childs started orientation in the PACU in a regular part-time position on July 25, 2016. Ms. Yingst was better qualified than Ms. Childs.

48. Brandywine Hospital hired Jeanne Marez, who had been a per diem nurse in the PACU, for the other regular part-time job. Ms. Marez moved into her new role on September 7, 2016. Ms. Yingst was better qualified than Ms. Childs. Ms. Yingst also had more years of service at Brandywine Hospital than did Ms. Marez.

49. On November 22, 2016, Ms. Yingst resigned her employment with Brandywine Hospital, effective November 30, 2016, in order to accept a full-time regular position at another hospital.

50. In her resignation letter, Ms. Yingst reiterated her complaint that she had been denied regular employment because of her prior cancer diagnosis and related treatment.

51. Again, Brandywine Hospital ignored Ms. Yingst's internal complaint.

52. As a direct and proximate result of Brandywine Hospital's discriminatory and retaliatory refusal to hire her into a regular position, Ms. Yingst has sustained substantial and continuing injury, including but not limited to, loss of income and benefits, lost earning potential, pain and suffering, and emotional distress.

53. Brandywine Hospital's discriminatory and retaliatory refusal to hire Ms. Yingst as detailed herein was committed with malice or with reckless disregard for her rights pursuant to the ADA.

## COUNT I

### Disability Discrimination in violation
### of the Americans with Disabilities Act

54. Plaintiff hereby incorporates by reference paragraphs 1 through 53 as though fully set forth herein.

55. Defendant Brandywine Hospital refused to hire Plaintiff into the regular full time and part-time positions that were filled in the PACU during 2016 because Defendant regarded her as disabled and/or because of her record of disability (breast cancer) in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

## COUNT II

### Retaliation in violation
### of the Americans with Disabilities Act

56. Plaintiff hereby incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

57. Defendant Brandywine Hospital refused to hire Plaintiff into the regular part-time positions that were filled in the PACU during 2016 in retaliation for her internal complaints of disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

## COUNT III

### Disability Discrimination in violation
### of the Pennsylvania Human Relations Act

58. Plaintiff hereby incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

59. Defendant Brandywine Hospital refused to hire Plaintiff into the regular full time and part-time positions that were filled in the PACU during 2016 because Defendant regarded

her as disabled and/or because of her record of disability (breast cancer) in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq.

## COUNT IV

### Retaliation in violation of the
### Pennsylvania Human Relations Act

60. Plaintiff hereby incorporates by reference paragraphs 1 through 59 as though fully set forth herein.

61. Defendant Brandywine Hospital refused to hire Plaintiff into the regular part-time positions that were filled in the PACU during 2016 in retaliation for her internal complaints of disability discrimination in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Laura Yingst, respectfully requests that this Court:

A. Enter a declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein have violated Plaintiff's rights as secured to her by law;

B. Require Defendant, Brandywine Hospital, to offer Plaintiff the regular position that she was denied, and to award her full wages and benefits commensurate with that position;

C. Award to Plaintiff compensation for all past and future pecuniary losses resulting from Defendant's illegal actions in refusing to hire her, including, but not limited to lost earnings, lost earnings growth potential, all compensation and benefits lost due to the actions of Defendants, all out-of-pocket losses, as well as an award of front pay if employment with Brandywine Hospital is not possible;

D. Award to Plaintiff compensation for all past and future non-pecuniary losses resulting from Defendant's illegal actions in refusing to hire her, including, but not limited to,

pain and suffering, emotional distress, humiliation, embarrassment, and a loss of life's pleasures in an amount to be determined at trial;

  E. Award to Plaintiff punitive damages for Defendant's malicious and reckless conduct as described herein, in an amount to be determined at trial;

  F. Grant to Plaintiff all costs, disbursements, and reasonable attorneys' fees relating to the enforcement of her rights;

  G. Grant to Plaintiff prejudgment interest; and

  H. Grant to Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff hereby requests a jury trial on each of the Counts in this Complaint.

        GREENBLATT, PIERCE, FUNT AND FLORES, LLC

        */s/ Julie A. Uebler*
        Julie A. Uebler, Esquire (ID No. 71297)
        123 S. Broad Street, Ste. 2500
        Philadelphia, Pennsylvania 19109
        (215) 735-1600 (Voice)
        (215) 735-1660 (Fax)
        j.uebler@gpfflaw.com

        Attorneys for Plaintiff
        Laura Yingst

JS 44 (Rev 06/17)

# CIVIL COVER SHEET

18-CV-4558

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS
LAURA A. YINGST

**(b)** County of Residence of First Listed Plaintiff  Chester County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Julie A. Uebler, Esquire
Greenblatt, Pierce, Funt and Flores, LLC, 123 South Broad Street, Ste. 2500, Philadelphia, PA 19109, (215) 735-1600

## DEFENDANTS
COATESVILLE HOSPITAL COMPANY, LLC d/b/a BRANDYWINE HOSPITAL

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*
Stuart T. O'Neal, Esquire
Burns White, 100 Four Falls, Suite 515, 1001 Conshohocken State Road, West Conshohocken, PA 19428

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
42 U.S.C. section 12101 et seq., 43 P.S. section 951 et seq
Brief description of cause
Disability Discrimination in violation of ADA and Retaliation

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P
- **DEMAND $** > 150,000.00
- CHECK YES only if demanded in complaint
- **JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE 10/23/2018
SIGNATURE OF ATTORNEY OF RECORD  /s/ Julie A. Uebler

OCT 23 2018

**FOR OFFICE USE ONLY**
RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**18   4558**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 45 Lakeview Court, Downingtown, PA 19335

Address of Defendant: 201 Reeceville Road, Coatesville, PA 19320

Place of Accident, Incident or Transaction: 201 Reeceville Road, Coatesville, PA 19320

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE: 10/23/2018   *[signature]*   71297
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
   *(Please specify)* 42 U.S.C. § 12101 et seq.; 43 P.S. § 951 et

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Julie A. Uebler, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☑ Relief other than monetary damages is sought

OCT 23 2018

DATE: 10/23/2018   *[signature]*   71297
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| LAURA A. YINGST | CIVIL ACTION |
| v. | 18 4558 |
| COATESVILLE HOSPITAL COMPANY, LLC | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ☐

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ☐

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2. ☐

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ☐

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ☐

(f) Standard Management - Cases that do not fall into any one of the other tracks. ☑

| October 23, 2018 | Julie A. Uebler | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-735-1600 | 215-735-1660 | j.uebler@gpfflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT 23 2018